TO BE PUBLISHED

# Supreme Court of Kentucky

2017-SC-000240-KB

KENTUCKY BAR ASSOCIATION             MOVANT

V.             IN SUPREME COURT

CHRISTY SMITH GRAYSON             RESPONDENT

## OPINION AND ORDER

Pursuant to Supreme Court Rule ("SCR") 3.380(2), the Kentucky Bar Association ("KBA") has moved this Court to indefinitely suspend Christy Smith Grayson from the practice of law for failing to respond to charges initiated by the Inquiry Commission ("Commission") of the KBA. Finding sufficient cause to do so, we grant the Commission's motion.

### KBA File 17-DIS-0026

In April 2016, Grayson was retained by Ashley Williamson to assist with the adoption of a then-unborn child. Grayson received a $1,500 retainer from Williamson for this service, but agreed to refund the retainer if the mother of the child revoked consent to the adoption prior to the parties appearing in court. Shortly after giving birth, the mother revoked her consent to the adoption. Despite this, Grayson informed Williamson that the case could go forward and refused to refund Williamson's fee. Further, Grayson did not return Williamson's calls or offer any additional explanation about the case. Williamson was unable to reach Grayson after August 2016.

On April 17, 2017, the Commission initiated a complaint against Grayson alleging the following violations: (1) SCR 3.130(1.3) (Diligence) for failing to perform work for which she had been hired; (2) SCR 3.130(1.4)(a)(3) (Communication) for failing to inform Williamson of the status of her adoption case; (3) SCR 3.130(1.4)(a)(4) (Communication) for failing to respond to Williamson's requests for information; (4) 3.130(1.16)(d) (Declining or Terminating Representation) for failing to refund the fee to Williamson after the child's mother revoked her consent to the adoption; and (5) SCR 3.130(8.1)(b) (Bar Admission and Disciplinary Matters) for failing to respond to a lawful demand for information from an admissions or disciplinary authority.

## KBA File 17-DIS-0027

Martha Eugenia Patrick hired Grayson in November 2015, to facilitate the adoption of Patrick's grandson. Grayson informed Patrick that the case would be heard in Martin Circuit Court on August 17, 2016. On that date, Grayson met Patrick and her husband outside the courtroom and informed them that the proceedings had been canceled, but that the judge had decided to sign the adoption papers. Grayson congratulated Patrick and informed her that she would receive the adoption papers in approximately three weeks.

Three weeks later Patrick contacted the Martin Circuit Court Clerk's office to inquire about the status of her case. Patrick learned that nothing had been filed and that there were no past or scheduled court dates. Patrick confronted Grayson who produced a document titled "Agreed Custody

2

Judgment," supposedly signed by Judge Janie McKenzie-Wells on August 17, 2016.

On October 4, 2016, Grayson sent Patrick text messages, attached to which were photos of documents related to Patrick's custody case that were being filed with the Clerk's office. Grayson told Patrick that the custody hearing was scheduled for October 19, 2016, at which time a date would be set for the final adoption. In this conversation, Grayson admitted that the documents she had previously supplied to Patrick were "garbage."

The October 19, 2016 hearing was rescheduled for November 2, 2016. After the November 2, 2016 hearing, Grayson told Patrick that she would file the adoption paperwork. However, when Patrick contacted the Clerk's office in November 2016, she learned that the adoption paperwork had not been filed. When contacted, Grayson told Patrick that they would have to discuss the matter later. Patrick did not receive any further communications from Grayson.

On December 7, 2016, Patrick appeared in Martin Circuit Court, before Judge McKenzie-Wells, on a *pro se* motion to determine the status of the adoption. After Patrick showed Judge McKenzie-Wells the document provided by Grayson, Judge McKenzie-Wells stated that the signature was not hers and that the case number on the document was unrelated to Patrick's pending custody matter.

On April 17, 2017, the Commission initiated a second complaint against Grayson alleging the following violations: (1) SCR 3.130(1.3) (Diligence) for

3

failing to perform work for which she had been hired; (2) SCR 3.130(1.4)(a)(3) (Communication) for failing to inform Patrick of the status of her adoption case; (3) SCR 3.130(1.4)(a)(4) (Communication) for failing to respond to Patrick's requests for information; (4) SCR 3.130(8.1)(b) (Bar Admission and Disciplinary Matters) for failing to respond to a lawful demand for information from an admissions or disciplinary authority; and (5) SCR 3.130(8.4)(c) (Misconduct) by misrepresenting to Patrick that her adoption was pending and providing her with a fraudulent document.

Efforts to serve Grayson with the Commission's charges by mail were unsuccessful. Subsequently, the Martin County Sheriff's Office personally served Grayson on February 24, 2017. Despite being served, Grayson has failed to answer the Commission's charges or contact the Office of Bar Counsel. Due to Grayson's failure to respond, the KBA requests that this Court indefinitely suspend Grayson under SCR 3.380(2). On June 26, 2017, Grayson requested additional time to respond to the KBA's motion. On July 7, 2017, Grayson was granted an extension of time to respond. However, Grayson has not filed a response to the KBA's motion. Having reviewed the KBA's motion, we agree that indefinite suspension is warranted.

For the foregoing reasons, it is hereby ORDERED:

1. Pursuant to SCR 3.380(2), Christy Smith Grayson is hereby indefinitely suspended from the practice of law in the Commonwealth of Kentucky.

4

2. As required by SCR 3.390, Grayson, will within 10 days after the issuance of this order of suspension notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which she has matters pending of her suspension. Further, she will inform, by mail, all of her clients of her inability to represent them and of the necessity and urgency of promptly retaining new counsel. Grayson shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Grayson shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

3. As stated in SCR 3.390(a), this Opinion and Order shall take effect on the tenth (10th) day following its entry. Grayson is instructed to promptly take all reasonable steps to protect the interests of her clients. She shall not during the term of suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130-7.50(5).

All sitting. All concur.

ENTERED: September 28, 2017

CHIEF JUSTICE

5